UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
ESTHER RIEZES
on behalf of herself and
all other similarly situated consumers

                         Plaintiff,

        -against-


PROFESSIONAL CLAIMS BUREAU, INC.

                         Defendant.

---------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.   Plaintiff Esther Riezes seeks redress for the illegal practices of Professional Claims Bureau, Inc., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.   Plaintiff is a citizen of the State of New York who resides within this District.

3.   Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.   Upon information and belief, Defendant's principal place of business is located in Garden City, New York.

5.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Esther Riezes*

9.    On or about March 29, 2016, the Plaintiff's son, a minor, visited Columbia University Hospital – Dept of Pediatrics for medical treatment.

10.   At the time of the said visit, Columbia University Hospital already had in its possession, information about the child's Medicaid eligibility.

11.   Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

12.   On or about April 7, 2017, Defendant sent the Plaintiff a collection letter seeking to collect on a debt allegedly owed by the Plaintiff.

13.   The Defendant sought to collect a balance of $1,140.00, purportedly owed to THE TRUSTEES OF COLUMBIA UNIVERSITY.

14.   Columbia University Hospital – Dept of Pediatrics sent the Plaintiff invoices which clearly stated that patient's child is a Medicaid beneficiary.

15.   Columbia University Hospital – Dept of Pediatrics is a Medicaid provider and a Medicaid provider is prohibited from seeking payment from a Medicaid beneficiary of amounts not reimbursed by the state program.

16.    42 C.F.R. § 447.15 provides that a state plan must provide that the Medicaid agency must limit participation in the Medicaid program to providers who accept, as payment in full, the amounts paid by the agency.

17.    42 C.F.R. § 447.15 prevents health care providers from seeking contributions from patients beyond the limits set by the Medicaid regulatory scheme.

18.    The Defendant knew or should have known that a medical provider who participates in the Medicaid program is barred from seeking any balance unpaid by Medicaid, under both Federal and New York State law.

19.    The Plaintiff's child is a welfare recipient; the Plaintiff had submitted her son's insurance information to the hospital and therefore, under New York and Federal Law, it was illegal for the Defendant to collect on this debt.

20.    Upon information and belief, the Defendant was fully aware that the balance had already been covered by Medicaid, yet the Defendant continued to seek payment from the Plaintiff.

21.    The said debt was therefore non-existent as the Plaintiff did not owe the balance.

22.    The Defendant deceptively engaged in illegal balance billing by seeking to collect on the said account.

23.    The account that the Defendant was seeking to collect upon was non-existent; the Defendant made the Plaintiff believe that she in fact owed such an amount to the Defendant when it was not the case.

24.    The Plaintiff did not request any medical services which would not be entirely covered by her son's medical insurance or which would result in any fee obligation.

25.    Section 1692e of the FDCPA states:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --

(A) the character, amount, or legal status of any debt."

26.    Section 1692(f) of the FDCPA states:

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

27.    The Defendant misrepresented the legal status of the alleged debt, as the debt was not owed by the Plaintiff.[1]

28.    Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

29.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

---

[1] See Lee v. Kucker & Bruh, LLP, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013). ("Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on the decision in *Stonehart v. Rosenthal*, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. These cases, however, are at odds with binding Second Circuit precedent. See also Goldman v. Cohen, No. 01 Civ. 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006). (concluding that analysis in *Stonehart* contradicts the plain language of 1692k(c) and the law as stated by the Second Circuit). This argument is contrary to binding Second Circuit precedent. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the misrepresentation in the Three Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A)."), Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017). ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt.")

30. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

31. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

32. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

33. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

34. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

35. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

36. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

37. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.***

38.  Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty seven (37) as if set forth fully in this cause of action.

39.  This cause of action is brought on behalf of Plaintiff and the members of a class.

40.  The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 7, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to THE TRUSTEES OF COLUMBIA UNIVERSITY; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

41.  Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A.  Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B.  There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C.  The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D.  The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E.  The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

42.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

43.  If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

44.  Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

45.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

46.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

   A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

   B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

   C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
April 9, 2018


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein___
Adam J. Fishbein (AF-9508)



| | | |
|---|---|---|
| **Balance Due** | **$1,140.00** | **Creditor:** TRUSTEES OF COLUMBIA UNIV.- DEPT OF PEDIATRICS |
| **PCB #** | 48 | **Patient Name:** MORDY LOWENBEIN |
| **Client Acct #** | 62 | **Service Date:** 03/29/16 |

## PROFESSIONAL CLAIMS BUREAU, INC.
**NYC Dept of Consumer Affairs License #0811196**
*"Se Habla Espanol"*

Phone: 516-681-1122 or 914-668-1222
Fax: 516-681-1265
Office Hours: Mon - Fri 8:30am - 5pm

**E-Mail:**
info@pcbinc.org


Pay Online 24/7/365
www.paypcb.com

### AUDIT ACCOUNT - STILL AN OPEN BALANCE

According to our most recent audit of your account, this balance remains open at both our offices and at that of our client.

*The most important thing is that you do not ignore this notice.* If this account has recently been paid directly to our client, it is extremely important that you forward proof of payment to our offices in a timely manner.

We are willing to help you resolve this balance in a manner that is acceptable to you, however we are unable to help you without your cooperation.

**Kindly call one of our account representatives immediately.**

Together we can finally resolve this long overdue balance and assure all collection activity is halted.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collection agency.


Professional Claims Bureau, Inc.
*"Debt Collectors Since 1964"*

---

To ensure proper credit to your account, detach this section and return with your payment.  Please keep above portion for your records.

| | |
|---|---|
| **Account #:** 62 | **Statement Date:** 04/07/2017  **Due Date:** 4/17/2017 |
| **Patient Name:** MORDY LOWENBEIN | **Balance Due:** $1,140.00 |

PO Box 9060
Hicksville, NY  11802-9060

**RETURN SERVICE REQUESTED**

☐ Please check box if address below is incorrect or insurance information has changed, and indicate change(s) on reverse side.

We accept:
DISCOVER  VISA  MasterCard  AMERICAN EXPRESS

**Amount Paid**

card number

signature

print name

625469C (PC2)


003471
0101

ESTHER REIZES

48
THE TRUSTEES OF COLUMBIA UNIVERSITY
PO BOX 28212
NEW YORK, NY 10087-8212

524

4452-PCBSTM-3447083-2384689957-P; 16730969-2-1309; 38299300-1; 1